ALABAMA & VICKSBURG RAILWAY COMPANY *v.* RICHARD DEAR.

[39 South. Rep., 522.]

JURY TRIAL.    *Instructions.    Plaintiff need not negative defenses.*
     The instructions for a plaintiff need not expressly negative the
     defenses interposed by the defendant.

FROM the circuit court of Rankin county.

HON. JOHN R. ENOCHS, Judge.

Dear, the appellee, was the plaintiff in the court below; the railway company was defendant there.    From a judgment in plaintiff's favor defendant appealed to the supreme court.

The plaintiff, a boy about eighteen years old, who sued by his next friend, claimed to have boarded the train of the appellant

at a place called Greenfield. The testimony in favor of the railway company tended to show that he did not board the train, but concealed himself on the blind baggage or rods under the cars. The plaintiff claimed that when the train stopped at the station called Pearson he attempted to alight from the platform of the coach, but was not given sufficient time to get off of the train before it started with a jerk, throwing him to the ground, his foot going under the wheels and being crushed. The testimony for the railway company tended to show that as the train was stopping at Pearson the complainant undertook to alight from his place of concealment, either on the blind baggage or on the rods under one of the cars, and was injured in so doing. The declaration charged negligence on the part of the railway company in failing to stop long enough for the plaintiff, a passenger, to disembark, and also in starting with a sudden jerk. The case went to the jury on the evidence, and resulted in a verdict for the plaintiff.

Certain instructions given for the plaintiff were assailed on appeal. They are in the figures and words following:

"(1) The court instructs the jury that it was the duty of the company to stop its train at Pearson long enough for all the passengers to get off before putting the train in motion again, and if the jury believe from the evidence Richard Dear was a passenger on the train, and that the train stopped at Pearson station, and before plaintiff had a reasonable time to get off the train, and while he was getting off, the train was put in motion again, the company was guilty of negligence.

"(2) The court instructs the jury that if Dear was a passenger on the train, and the company put it in motion without giving him a reasonable time to get off, and Dear was thereby hurt, the plaintiff is entitled to recover all damages he has sustained which have been proven by the evidence, unless he was guilty of contributory negligence."

*McWillie & Thompson,* for appellant.

The case is one in which the contributory negligence of the plaintiff, appearing from his own testimony, exonerated the defendant from all liability. *Bardwell* v. *Railroad Co.,* 63 Miss., 574; *Howell* v. *Railroad Co.,* 75 Miss., 242 (s.c., 21 South. Rep., 746); *Simmons* v. *Railroad Co.,* 34 Am. & Eng. R. Cas. (N. S.), 454; *Lee* v. *Railroad Co.,* 31 *Ib.,* 923.

Where the plaintiff has clearly been guilty of contributory negligence, it is error to refuse a peremptory charge for the defendant. *Railroad Co.* v. *Strauss,* 75 Miss., 367 (s.c., 22 South. Rep., 822).

The instruction for the plaintiff, numbered one, should not have been given. It is true as an abstract proposition of law that it is negligence to start a train before a passenger has had time to get off, but to so instruct the jury in a case like the one at bar, considering its peculiar facts, is misleading. Negligence must be the proximate cause of the injury and be unaccompanied by negligence contributing to it on the part of the plaintiff. The instruction should not have been given without some modification which would keep in view the real controversy arising on the evidence.

The plaintiff's instruction number two is subject to a like objection. It charged the jury that if plaintiff "was a passenger on the train, and the company put the train in motion without giving him a reasonable time to get off, and he was thereby hurt, he was entitled to recover." As will be seen, this instruction ignores the evidence going to show contributory negligence. The instruction, under the peculiar facts of this case, should have been modified so as to include the idea that the injury was without fault or negligence on plaintiff's part. While a failure to stop long enough might have been the remote cause of the injury, there was evidence going to show that it was not the proximate cause. Instructions must be applicable to the facts. *Adams* v. *Power,* 48 Miss., 450. They should never assume a fact, as this

instruction assumes that the brief stop at the depot was the proximate cause of the injury.   *Myrick* v. *Wells,* 52 Miss., 149.

*A. J. McLaurin, R. S. McLaurin,* and *S. L. McLaurin,* for appellee.

The issue was settled by the jury in favor of plaintiff.   It is a principle of law too well settled to need citation of authorities, that the verdict of a jury will not be disturbed by this court unless there is no evidence to support it.   Not only is the presumption to be indulged in favor of the verdict, but the learned and eminent trial judge, who heard all the testimony and saw the faces and countenances of all the witnesses, overruled the defendant's motion for a new trial.   We submit that this court, under these circumstances, will not set aside the verdict of the jury in this case, when the testimony is so conflicting and when the trial judge, with his superior opportunities of judging of the truthfulness of the witnesses on the different sides, has refused to set the verdict aside.   Appellant undertakes to clear itself of the damage resulting from its negligence on the idea of contributory negligence on the part of the plaintiff.

The burden of proof would be upon defendant, and not upon plaintiff, to show contributory negligence.   The case was fairly submitted to the jury on proper instructions, and they, by their verdict under the instructions, have said that plaintiff was not guilty of contributory negligence.   *Stevens* v. *Railroad Co.,* 81 Miss., 206, 207 (s.c., 32 South. Rep., 311).

Appellant insists that instructions numbered one and two ought not to have been given.   In these instructions the court did not undertake ‵to tell the jury that proof that defendant was guilty of negligence entitled the plaintiff to recover.

TRULY, J., delivered the opinion of the court.

Upon the facts the case is a close one.   A verdict for either side could not, on the ground of proof alone, be disturbed.   There was direct conflict in the evidence, and the jury solved the issue

in favor of the appellee.    This is decisive of all controverted questions of fact.

The objection urged to the two instructions granted the appellee are not tenable.    Instruction number one correctly states the abstract proposition of law on which the claim of appellee was predicated.   It was not necessary that such an instruction should expressly negative the defense interposed by the railway company.

The second instruction, which is assailed by the appellant, is also correct.   The contention of counsel that this instruction, being an application of the law to the concrete case, should have negatived the existence of contributory negligence on the part of the plaintiff, is perfectly sound.   But it avails nothing, because as presented in the record the instruction does contain the identical provision the alleged absence of which is complained of.   The argument, therefore, appears to be based upon a misapprehension of the language employed in the instruction as finally submitted to the jury.

*There being sufficient testimony to sustain the verdict, and no error of law having been committed, the judgment is affirmed.*